DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Paula O'Donnell, appeals from her sentencing in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On October 2, 2006, Appellant was indicted on one count of forgery, in violation of R.C. 2913.31(A)(3), two counts of petty theft, in violation of R.C. 2913.02(A)(1), and two counts of falsification, in violation of R.C. 2921.13(A)(3). On October 4, 2006, Appellant pled not guilty to the charges. On October 23, 2006, Appellant withdrew her not guilty plea and entered a guilty plea on the forgery charge and on one count of falsification. Both charges of petty theft and *Page 2 
the second charge of falsification were dismissed. Appellant's sentencing hearing was held on November 27, 2006. She was sentenced to 12 months incarceration on the forgery charge and six months incarceration on the falsification charge, to be served concurrently. Appellant timely appealed from her sentence, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT FAILED TO CONSIDER THE SENTENCING FACTORS PURSUANT TO R.C. 2929.11 AND R.C. 2929.12."
 {¶ 3} In her first assignment of error, Appellant contends that the trial court failed to consider the sentencing factors pursuant to R.C.2929.11 and R.C. 2929.12. We find no merit in this contention.
 {¶ 4} On February 27, 2006, the Ohio Supreme Court issued a decision which controls the issues raised in this appeal. In State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact-finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See Id.; State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19. *Page 3 
 {¶ 5} Additionally, Foster altered this Court's standard of review which was previously a clear and convincing error standard. State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11. Accordingly, this Court reviews Appellant's sentence utilizing an abuse of discretion standard. Id. at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 6} The Foster Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster, at ¶ 42. Moreover, postFoster, it is axiomatic that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph 7 of the syllabus. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions. In its journal entry, the trial court specifically stated that it had considered the purposes and principles of sentencing under R.C. 2929.11
and balanced the seriousness and *Page 4 
recidivism factors under R.C. 2929.12. The trial court additionally stated that it had considered the record and oral statements when making its decision.
 {¶ 7} Appellant contends that the transcript of the sentencing hearing shows that the trial court did not consider the factors under R.C.2929.11 and R.C. 2929.12. However, it is well settled that "a court speaks only through its journal entries, and not through mere oral pronouncements." Radcliff v. Steen Elec, Inc., 9th Dist. No. 22407,2005-Ohio-5503, at ¶ 56, quoting State ex rel. Indus. Comm. v. Day
(1940), 136 Ohio St. 477, paragraph one of the syllabus. "Furthermore, this court has held that the findings of the trial court need not be in the sentencing transcript if the findings are contained in the journal entry." State v. Watkins, 9th Dist. No. 21101, 2003-Ohio-1305, at ¶ 22, citing State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at *4. Therefore, as the trial court's sentencing entry states that it considered the factors under R.C. 2929.11 and R.C. 2929.12, Appellant's argument has no merit. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.19 WHICH REQUIRED THAT, IF THE MAXIMUM SENTENCE IS IMPOSED, THAT THE COURT STATES REASONS FOR MAKING FINDING[S] AT THE SENTENCING HEARING."
 {¶ 8} In her second assignment of error, Appellant contends that the trial court failed to comply with R.C. 2929.19 which requires that, if the maximum *Page 5 
sentence is imposed, the court states reasons for making the finding at the sentencing hearing. Again, we find no merit in Appellant's contention.
 {¶ 9} As stated above, post-Foster, a trial court is no longer required to make findings to impose a maximum sentence. Foster, at paragraph 7 of the syllabus. Therefore, R.C. 2929.19(B)(2), on which Appellant relies, has "no meaning now that judicial findings are unconstitutional[.]" Id. at ¶ 97. Further, the Foster Court expressly "severed and excised [2929.19(B)(2)] in [its] entirety[.]" Id. Therefore, Appellant's reliance upon this section is misplaced. Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 10} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., DICKINSON, J., CONCUR *Page 1