DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant/Defendant Heather L. Boettner appeals sentence imposed by the Summit County Court of Common Pleas. We affirm.
 {¶ 2} Defendant pled guilty to unlawful sexual conduct with a minor, in violation of R.C. 2907.04, a felony of the third degree; corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(a)/(b), a felony of the fourth degree, and sexual battery, in violation of R.C.2907.03(A)(7) (9), a felony of the third degree. On November 20, 2006, Defendant was sentenced to a concurrent term of five years, eighteen months and four years respectively and was adjudicated a sexually oriented offender. *Page 2 
 {¶ 3} Defendant timely appealed her sentence, raising one assignment of error.
 Assignment of Error "The trial court abused its discretion when it imposed a sentence of five years imprisonment as it was contrary to section 2929.11 and 2929.12
ORC under the circumstances of this case."
 {¶ 4} Defendant asserts that the application of the guidance factors set forth in R.C. 2929.11 and 2929.12 to the record do not support the imposition of the maximum possible sentence for a third degree felony, five years incarceration, on her, a first time offender.
 {¶ 5} The Ohio Supreme Court issued a decision on February 27, 2006, which controls the issues raised in this appeal. In State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court held that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact-finding. Id. at paragraphs one through seven of the syllabus. As a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See Id.; State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 19.
 {¶ 6} Foster also altered this Court's standard of review which was previously a clear and convincing error standard. State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11. Accordingly, this Court reviews Appellant's *Page 3 
sentence utilizing an abuse of discretion standard. Id. at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 7} In Foster, the Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster, at ¶ 42. Further, post Foster, "it is axiomatic that `[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.'" State v.O'Donnell, 9th Dist. No. 23525, 2007-Ohio-1943, at ¶ 6, quotingFoster at paragraph 7 of the syllabus. "Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions." O'Donnell at ¶ 6.
 {¶ 8} Although Defendant focuses on her status as a first-time offender, she has not pointed this Court to any legal support that the trial court's sentencing entry need contain any specific reference to the fact that a Defendant is a first-time offender. In its journal entry, the trial court specifically stated, "[t]he court has *Page 4 
considered the record, oral statements, as well as the principles and purposes of sentencing under O.R.C. 2929.11, and the seriousness and recidivism factors under O.R.C. 2929.12" when making its decision. Presumably, Defendant's first-time-offender status was also considered.
 {¶ 9} Finally, Defendant points this Court to a purportedly similar case (State v. Nazarian), in which the same trial judge as sentenced Defendant here sentenced another defendant to a lesser sentence than Defendant in support of her position that her sentence was an abuse of discretion. However, Defendant cannot and does not assert how the trial judge's consideration of the R.C. 2929.11 and 2929.12 factors in theNazarian case impacted the judge's sentencing decision vis-à-vis the trial court's consideration of the factors on the instant matter.
 {¶ 10} The sentencing entry indicates the trial judge considered the factors of R.C. 2929.11 and 2929.12. That is sufficient to support the imposition of the maximum sentence on Defendant. O'Donnell at ¶ 6;Foster at paragraph 7 of the syllabus. Defendant's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 5 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
DICKINSON, J. and BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1