[Cite as *State v. Davis*, 2013-Ohio-1627.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12 CA 59 |
| MICHAEL P. DAVIS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No.  11 CR 480


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         April 22, 2013


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

KENNETH W. OSWALT                      J. MATTHEW DAWSON
PROSECUTING ATTORNEY                   35 South Park Place, Suite 10
JUSTIN T. RADIC                        Newark, Ohio  43055
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, J.*

{¶1} Appellant Michael P. Davis appeals from his conviction and sentence for grand theft in the Court of Common Pleas, Licking County. The relevant facts leading to this appeal are as follows.

{¶2} On September 30, 2011, appellant was indicted on one count of grand theft, R.C. 2913.02(A)(1) and/or (A)(3), a felony of the fourth degree, and one count of telecommunications fraud, R.C. 2913.05(A), a felony of the fourth degree. The charges were essentially based on appellant's conduct in a scheme to obtain money or credits following fraudulent deposits into ATM machines.

{¶3} On May 16, 2012, appellant entered pleas of guilty to both of the aforesaid counts. The trial court, upon accepting the pleas, chose to order an updated presentence investigation report and defer sentencing to another date. However, about one hour later, the case was reconvened after deputies informed the judge that appellant was causing problems at the jail. See Tr. Plea and Sentencing, at 30. The court then proceeded with sentencing over the request of appellant and his counsel to defer the hearing. The trial court merged count two into count one and sentenced appellant to eighteen months in prison. The trial court also sentenced appellant to a post-release control term of two years, stating orally that this part of the decision was based chiefly on appellant's reported conduct and threats and that the court was "just not going to put up with this crap ***." Tr. at 35.

{¶4} On July 13, 2012, appellant filed a notice of appeal, thereafter obtaining leave from this Court for filing on a delayed basis. He herein raises the following two Assignments of Error:

**{¶5}** "I. WHETHER OR NOT THE TRIAL COURT'S SENTENCING WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AS IT DID NOT CONSIDER THE STATUTORY FACTORS OF OHIO REVISED CODE SECTIONS 2929.11 AND 2929.12?

**{¶6}** "II. WHETHER OR NOT THE TRIAL COURT ABUSED ITS DISCRETION IN THE IMPOSITION OF SENTENCING."

I.

**{¶7}** In his First Assignment of Error, appellant contends the trial court erred in sentencing him without properly considering the statutory factors under R.C. 2929.11 and 2929.12. We disagree.

**{¶8}** R.C. 2929.11 and 2929.12 require consideration of the purposes and principles of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38. Although the Ohio Supreme Court's *Foster* decision [109 Ohio St.3d 1, 2006–Ohio–856] eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12. *See State v. Hobby,* Ashland App.No. 11 COA 41, 2012–Ohio–2420, ¶ 25, citing *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, ¶ 13. Thus, "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Sutton,* 8th Dist. No. 97132, 2012–Ohio–1054, ¶ 11, quoting *State v. Lloyd,* 11th Dist. No. 2006–L–185, 2007–Ohio–3013, ¶ 44. The findings of the trial court in regard to R.C. 2929.11 and 2929.12 need not be in the sentencing transcript if the findings are contained in the

journal entry. *See State v. O'Donnell*, Summit App.No. 23525, 2007-Ohio-1943, ¶ 7 (additional citations omitted).

**{¶9}** The judgment entry in the case sub judice states that prior to imposing sentence, the trial court had considered inter alia "the purposes and principles of sentencing" and had "balanced the seriousness and recidivism factors." See Judgment of Conviction and Sentence, May 16, 2012, at 2. Although appellant herein asserts that the trial court "simply was aggravated at [him] and wanted him gone," (Appellant's Brief at 9), upon review we find the trial court sufficiently considered the sentencing factors set forth in R.C. 2929.11 and 2929.12.

**{¶10}** Appellant's First Assignment of Error is overruled.

II.

**{¶11}** In his Second Assignment of Error, appellant argues the trial court abused its discretion in sentencing him on the merged count of grand theft. We disagree.

**{¶12}** In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.* But we have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi,* Licking App.No. 2006–CA–41, 2006–Ohio–5823, ¶ 52.

{¶13} In the case sub judice, the sentence at issue is within the statutory range for a fourth-degree felony. *See* R.C. 2929.14(A)(4). Additionally, at the sentencing hearing the trial court considered appellant's prior criminal record and his performance on both supervision and while he was institutionalized. Tr. at 20, 35. The court allowed both appellant and counsel for appellant to make statements regarding sentencing. Tr. at 17, 19, 31-33. Appellant's counsel indicated that appellant has "a severe drug problem," but that he had not obtained treatment during his two prior prison stints. Tr. at 32. Appellant asserted he did not understand why he was brought back that day to complete sentencing. *Id.* Appellant apologized to the court and stated that he wanted to "be there" for his soon-to-be-born daughter. Tr. at 33.

{¶14} Upon review, we hold the trial court did not abuse its discretion in sentencing appellant to prison for eighteen months, with post-release control, even though the trial court retracted its decision to obtain a PSI report. The prison term was within the statutory ranges, the trial court considered the statutory factors for sentencing, and the trial court duly considered appellant's available history and criminal record.

{¶15} Appellant's Second Assignment of Error is therefore overruled.

{¶16} For the foregoing reasons, the decision of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.


By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.


_____

_____

_____

JUDGES

JWW/d 0328

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                     :
                                           :
-vs-                                       :            JUDGMENT ENTRY
                                           :
MICHAEL P. DAVIS                           :
                                           :
    Defendant-Appellant                    :            Case No. 12 CA 59


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____
JUDGES