[Cite as *State v. Sandy*, 2013-Ohio-1959.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 12-COA-028 |
| MICHAEL L. SANDY | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case Nos. 10-CRI-098 and 12-CRI-043 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 10, 2013 |

APPEARANCES:

For Plaintiff-Appellee

RAMONA FRANCESCONI ROGERS
PROSECUTING ATTORNEY
PAUL T. LANGE
ASSISTANT PROSECUTOR
110 Cottage Street, 3rd Floor
Ashland, Ohio  44805

For Defendant-Appellant

MATTHEW MALONE
11-1/2 East Second Street
Ashland, Ohio  44805

*Wise, J.*

{¶1} Appellant Michael L. Sandy appeals from his sentences rendered by the Court of Common Pleas, Ashland County, for the felony offenses of tampering with evidence and receiving stolen property. The relevant procedural facts leading to this appeal are as follows.

<u>Case No. 10-CRI-098</u>

{¶2} On February 8, 2011, the Ashland County Court of Common Pleas sentenced appellant to 180 days in jail (with potential for CBCF admission) and five years of community control, following his convictions on two counts of receiving stolen property, both fifth-degree felonies. On September 28, 2011, we affirmed appellant's convictions and sentence. *See State v. Sandy*, Ashland App.No. 11–COA–004, 2011-Ohio-5088.

{¶3} On February 22, 2012, Probation Officer Kimberly Marcelli filed an "Alleged Community Control Violation(s) Complaint" against appellant, alleging that he had violated the terms and conditions of his community control set forth by: (1) having in his possession and/or control stolen property; (2) having in his possession and/or control a firearm; (3) having in his possession and/or control marijuana and drug paraphernalia, as well as testing positive for marijuana and opiates; and (4) associating with an individual with a criminal record without his supervising officer's permission.

{¶4} On March 12, 2012, appellant appeared with counsel before the trial court and entered into a plea agreement, admitting to the third and fourth allegations as set forth above.

*Case No. 12-CRI-043*

**{¶5}** Prior to any imposition of sanctions for the aforesaid community control matter in case 10-CRI-098, appellant was charged by bill of information under case number 12-CRI-043 with one count of tampering with evidence (a felony of the third degree) and one count of receiving stolen property (a felony of the fifth degree).

**{¶6}** On April 20, 2012, appellant appeared with counsel before the trial court and entered into a plea agreement. As part of the agreement, the State agreed not to pursue any further charges with respect to the February 2012 investigation into appellant's community control violations.

*Sentence*

**{¶7}** Thereafter, the trial court sentenced appellant to the following in the two cases:

**{¶8}** (1) Count One (in case number 10-CRI-098), receiving stolen property, twelve (12) months in prison;

**{¶9}** (2) Count Two (in case number 10-CRI-098), receiving stolen property, twelve (12) months in prison;

**{¶10}** (3) Count One (in case number 12-CRI-043), tampering with evidence, thirty-six (36) months in prison and a fine of $500.00;

**{¶11}** (4) Count Two (in case number 12-CRI-043), receiving stolen property, twelve (12) months in prison and a fine of $500.00.

**{¶12}** See Judgment Entries of June 22, 2012.

**{¶13}** All of the aforesaid were to be served consecutively, for an aggregate prison term of seventy-two (72) months. According to the transcript of the hearing, the trial court further ordered that appellant receive credit for 385 jail days. Tr. at 14.

**{¶14}** On July 20, 2012, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

**{¶15}** "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED MAXIMUM, CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE SECTION 2929.14(C)(4); SAID MAXIMUM, CONSECUTIVE SENTENCES EXCEEDED THE MAXIMUM PRISON TERM PURSUANT TO OHIO REVISED CODE SECTION 2929.14(A)(3)(a), AND WERE NOT CONSISTENT WITH THE DIRECTIVES ESTABLISHED IN OHIO REVISED CODE SECTION 2929.14(C)(4) AND/OR WERE CLEARLY AND CONVINCINGLY CONTRARY TO LAW.

**{¶16}** "II. THE SENTENCES IMPOSED BY THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, CREATED AN UNNECESSARY BURDEN ON STATE AND/OR LOCAL GOVERNMENT RESOURCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.13(A)."

I.

**{¶17}** In his First Assignment of Error, appellant challenges his maximum, consecutive sentences for tampering with evidence and receiving stolen property.

**{¶18}** In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's

compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.* Furthermore, "* * * the right to appeal a sentence under R.C. 2953.08(C) does not mean that consecutive sentences for multiple convictions may not exceed the maximum sentence allowed for the most serious conviction." See *State v. Beverly,* Delaware App.No. 03 CAA 02011, 2003–Ohio–6777, ¶ 17, quoting *State v. Haines* (Oct. 29, 1998), Franklin App.No. 98AP-195. But we have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi,* Licking App.No. 2006–CA–41, 2006–Ohio–5823, ¶ 52.

### R.C. 2929.11 and 2929.12 Considerations

**{¶19}** R.C. 2929.11 and 2929.12 require consideration of the purposes and principles of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St .3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38. Although the Ohio Supreme Court's *Foster* decision [109 Ohio St.3d 1, 2006–Ohio–856] eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12. See *State v. Hobby,* Ashland App.No. 11 COA 41, 2012–Ohio–2420, ¶ 25, citing *State v. Kalish, supra,* at ¶ 13. Thus, "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Sutton,* Cuyahoga App.No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd,* Lake App.No. 2006–L–185, 2007–Ohio–3013, ¶ 44. The findings of the trial court in regard to R.C. 2929.11 and 2929.12 need not be in the

sentencing transcript if the findings are contained in the journal entry. *See State v. O'Donnell*, Summit App.No. 23525, 2007-Ohio-1943, ¶ 7 (additional citations omitted).

**{¶20}** Although not required to do so, the trial court in the case sub judice stated the following on the record with respect to the general sentencing guidelines:

**{¶21}** "THE COURT: With regard to Case 12-CRI-043, the Court needs to advice [sic] you that I have to comply with the purposes and principals [sic] of Ohio felony statues [sic] when imposing a sentence initially, and the overriding purposes that I need to follow are to punish the offender and protect the public from future crimes by the offender and others using the minimum sanctions that the Court determines accomplish those purposes without imposing an unnecessary burden on State or Local Government resources.

**{¶22}** "The Court must also consider the need for incapacitation and deterrence, rehabilitation or restitution, [the] sentence should also be commensurate with and not demeaning to the seriousness of an offender's conduct and impact on any victims, and it should be consistent with sentences for similar crimes by similar offenders.

**{¶23}** "* * * I have in fact considered and weighed all of the factors that the Court must consider and weigh when determining a sentence, and like I said, I don't see where there is any deterrence factors that Community Control offers, and I am further finding that the Court is not required to give a Community Control sentence on Count II, receiving stolen property F-5 charge, because you served prior prison terms, and I believe and find that one or more of the factors set forth with regard to favoring a prison sentence for F-4, F-5 sentence exist in this case, and prison sanctions in 12-CRI-043 is

more consistent with the purposes and principals [sic] of the sentencing statute in light of the seriousness and recidivism factors."

**{¶24}** Tr. June 18, 2012, at 11-13.

**{¶25}** Upon review of the sentencing entries and the pertinent transcripts, we find the trial court properly considered the purposes and principles of felony sentencing, and the factors of seriousness and recidivism.

### Maximum Sentence Issue

**{¶26}** Appellant next argues that the court erred in sentencing him to maximum sentences on the three offenses of receiving stolen property, all felonies of the fifth degree, and the offense of tampering with evidence, a felony of the third degree.

**{¶27}** Subsequent to the Ohio Supreme Court's *Foster* decision, "[t]he decision to impose the maximum sentence is simply part of the trial court's overall discretion in issuing a felony sentence and is no longer tied to mandatory fact-finding provisions." *State v. Parsons*, Belmont App.No. 12 BE 11, 2013-Ohio-1281, ¶ 14.

**{¶28}** In the case sub judice, the sentences at issue are all within the statutory ranges for third and fifth-degree felonies. *See* R.C. 2929.14(A)(3) and (A)(5).[1] Upon review, we hold the maximum sentences in this matter are not unreasonable, arbitrary or unconscionable.

### Consecutive Sentence Issue

**{¶29}** 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the

---

[1] Current R.C. 2929.14(A)(3)(b) has reduced the maximum prison term for many third-degree felonies from 5 years to 36 months.

statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective pre-*Foster. See State v. Wells*, Cuyahoga App.No. 98428, 2013-Ohio-1179, ¶ 11. These revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences. Nonetheless, "[a]lthough H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence." *State v. Bentley*, Marion App.No. 9–12–31, 2013-Ohio-852, ¶ 12, citing *State v. Frasca,* Trumbull App.No. 2011–T–0108, 2012–Ohio–3746, ¶ 57.

**{¶30}** R.C. 2929.14(C)(4) provides, in relevant part:

**{¶31}** "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender **and** that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, **and** if the court also finds any of the following:

**{¶32}** "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶33}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶34}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Emphases added).

**{¶35}** In the case sub judice, the trial court set forth the following findings in its judgment entries with respect to appellant's consecutive sentences:

**{¶36}** "Furthermore, the Court finds that consecutive sentences are necessary to protect the public from future crime, that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and [or] to the danger the Defendant poses to the public, and that due to the Defendant's history of criminal conduct [,] consecutive sentences are necessary to protect the public from future crime by the Defendant."

**{¶37}** Judgment Entry - Sanctioning, Case No. 10-CRI-098, June 22, 2012, at 2; Judgment Entry- Sentencing, Case No. 12-CRI-043, June 22, 2012, at 2.

**{¶38}** The trial court made similar findings on the record at the time of sentencing. See Sentencing Tr. June 18, 2012, at 13. Appellant presently maintains that the trial court simply recited "boilerplate" language in reaching it decision. He also emphasizes that his evidence tampering offense did not entail the actual destruction of primary evidence. However, the transcript reveals that the trial court reviewed appellant's presentence investigation report in the record before us (any specifics of which are not brought out in appellant's brief) and noted that appellant's criminal history began when he was still a juvenile, followed by "a number of prison terms in the past."

Tr. at 9. The court even advised appellant that " *** in looking at your history, I could not figure out for the life of me why [a different common pleas judge] gave you a Community Control Sanction in 10-CRI-098" but that the sentencing entry at that time indicated "that it was your last opportunity to attempt to deal with your issues ***." Tr. at 10. The court stated that appellant seemed to be saying he was turning over a new leaf, "but the criminal history and the opportunities that you had to address issues would indicate to me otherwise." Tr. at 11.

{¶39} Upon review, we find the trial court properly considered the general sentencing guidance factors, and we hold the trial court's consecutive, maximum sentences in this matter are not unreasonable, arbitrary or unconscionable. We further hold said sentences are not contrary to law.

{¶40} Appellant's First Assignment of Error is overruled.

II.

{¶41} In his Second Assignment of Error, appellant argues the imposition of his prison sentence in this case imposes an unnecessary burden on state resources. We disagree.

{¶42} In *State v. Shull,* Ashland App.No. 2008-COA-036, 2009-Ohio-3105, we reviewed a similar claim. We found that although the burden on state resources may be a relevant sentencing criterion as set forth in R.C. 2929.13, Ohio law "does not require trial courts to elevate resource conservation above the seriousness and recidivism factors." *Shull* at ¶ 22, quoting *State v. Ober* (October 10, 1997), Greene App. No. 97CA0019.

**{¶43}** Appellant utilizes information from a website, apparently not presented to the trial court, to allege herein that his incarceration will cost the taxpayers $79,283.00. However, as discussed previously, appellant has not responded in the past to other forms of rehabilitation, and, as the State notes, appellant's recent actions suggest a tendency to extend his danger to the public by involving a family member in his theft-related activities. Upon review, we find appellant has not demonstrated his sentence is an unnecessary burden on state resources.

**{¶44}** Appellant's Second Assignment of Error is overruled.

**{¶45}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0423

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
        Plaintiff-Appellee                 :
                                           :
-vs-                                       :            JUDGMENT ENTRY
                                           :
MICHAEL L. SANDY                           :
                                           :
        Defendant-Appellant                :            Case No. 12-COA-028


        For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.

        Costs assessed to appellant.



                                                _____


                                                _____


                                                _____

                                                                JUDGES