[Cite as *State v. Smith*, 2014-Ohio-5547.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101105**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**SANCHEZ K. SMITH**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-535173-B

**BEFORE:**  McCormack, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  December 18, 2014

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
9442 State Route 43
Streetsboro, OH 44241


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Sanchez K. Smith, appeals from his sentence of September 21, 2010. For the following reasons, we affirm.

## Procedural History

{¶2} On March 16, 2010, Smith was charged in a multiple count indictment. On August 26, 2010, he pleaded guilty to aggravated burglary (Counts 1 and 2), aggravated robbery (Counts 3 and 4), having weapons while under disability (Count 13), and aggravated theft (Count 15). Smith also pleaded guilty to one- and three-year firearm specifications attendant to Counts 1, 2, 3, and 4, as well as forfeiture specifications attendant to Counts 1, 2, 3, 4, and 13.

{¶3} On September 21, 2010, the trial court sentenced Smith as follows: nine years incarceration on each of Counts 1, 2, 3, and 4, to be run concurrently, plus three years on the attendant firearm specification, to be run consecutively; four years on Count 13; and 11 months on Count 15. The court ordered the sentences in Counts 1 through 4, Count 13, and Count 15 to run consecutively to each other, for an aggregate prison term of 16 years, 11 months. The court also ordered forfeiture of the weapon.

{¶4} On March 11, 2014, Smith filed this appeal, claiming that the trial court erred when it imposed consecutive sentences without making the findings under R.C. 2929.14(C).

## Law and Analysis

{¶5} In his sole assignment of error, Smith argues that the trial court, in sentencing him to consecutive sentences, failed to make the statutorily mandated consecutive sentence findings. The state concedes that the trial court did not make any findings at the sentencing hearing, and our review of the record substantiates the state's concession. The state claims, however, that the trial court in this case was not obligated to make such findings. We agree.

**{¶6}** The record shows that Smith was sentenced on September 21, 2010. Under the statutory law in effect at that time, the trial court was not required to make findings on the record in order to justify imposing consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. At the time Smith was sentenced, trial courts still had the "discretion and inherent authority to determine whether a prison sentence within the statutory range [should] run consecutively or concurrently * * *." *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 19.

**{¶7}** On September 30, 2011, however, the General Assembly enacted H.B. 86, which, in effect, revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). Accordingly, R.C. 2929.14(C)(4), as revived, now requires that a trial court, in order to impose consecutive sentences, find that: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) at least one of the factors enumerated in R.C. 2929.14(C)(4)(a)-(c) applies. The General Assembly expressly provided in Section 4 of H.B. 86: "The amendments * * * apply to a person who commits an offense specified or *penalized* under those sections on or after the effective date of this section[.]" (Emphasis added.)

**{¶8}** Because Smith was sentenced prior to September 30, 2011, the revived consecutive sentence findings provisions do not apply to him. The trial court therefore did not err when it sentenced Smith to consecutive sentences without making findings under R.C. 2929.14(C)(4).

**{¶9}** Smith's sole assignment of error is overruled.

**{¶10}** It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR