[Cite as *State v. Bridgeman*, 2015-Ohio-5164.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-10 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-485 |
| | : | |
| ANTHONY S. BRIDGEMAN | : | (Criminal Appeal from |
| | : |   Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 11th day of December, 2015.

. . . . . . . . . .

ANTHONY KENDELL, Atty. Reg. No. 0067242, by PAUL M. WATKINS, Atty. Reg. No. 0090868, Miami County Prosecutor's Office, 201 West Main Street—Safety Building, Troy, Ohio 45373
        Attorneys for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, Arnold & Arnold, Ltd., 120 West Second Street, Suite 1502, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} On December 22, 2014 Anthony Bridgemen entered a guilty plea to a charge

of Assault on a Police Officer, a felony of the fourth degree, which was presented by way of a Bill of Information. On February 23, 2015, he was sentenced to sixteen months in prison. Bridgeman appealed. In his sole assignment of error, Bridgeman contends that "THE TRIAL COURT'S IMPOSITION OF A SIXTEEN MONTH SENTENCE UPON APPELLANT IS CONTRARY TO LAW."

{¶ 2} At sentencing, the trial court stated :

> The Court has considered the Pre-sentence Investigation prepared in this case. The Court has also considered the statements by Mr. Bridgeman as well as his counsel. The Court has considered the Purposes and principals (sic) of the Sentencing Factors, pursuant to ORC Section 2929.11 (A) (B) and (C). And the Court has also reviewed Mr. Bridgeman's prior criminal record, which is extensive.

Transcript of Sentencing Hearing, February 23, 2015 (Dkt. #24) at 7. The trial court then proceeded to review aspects of Appellant's prior record, including the fact that he had served two prior prison terms. And the Court referenced applicable seriousness and recidivism factors, although it was not required to do so.

{¶ 3} We have recognized that "[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R .C. 2929.12." *State v. Rodeffer,* 2013–Ohio–5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.), citing *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 18.

{¶ 4} Here the sixteen-month prison sentence is within the statutory range of six to

eighteen months for a fourth degree felony. At the sentencing, the trial court recited that it had considered the appropriate statutory provisions.[1] We find nothing in the record that suggests that the court's factual recitation was incorrect or inaccurate, and Appellant does not suggest any inaccuracy. Therefore there is simply nothing that renders the sentence contrary to law.

{¶ 5} Appellant's brief argues that his sentence is "excessive and unduly harsh" Appellant's Brief at 9. Appellant also argued that although he has a criminal history, the majority of it occurred between the years 2000 to 2007. And, for the appellant's 2013 Domestic Violence charge, he received and successfully completed community control. These factors, appellant contends, render the sentence clearly and convincingly unsupported by the record. In our view those contentions question whether the sentence is unsupported by the record, not whether the sentence is contrary to law as raised in the only assignment of error. Nevertheless, the record reveals the appellant has violated previous probations several times and has served prior prison sentences. In the present case he had been taken into custody for a new Domestic Violence charge, for threatening his wife with a knife, and for violation of a CPO. While being transported to jail he was banging his head on the cruiser security screen. The deputy stopped and tried to restrain Bridgeman. Appellant then kicked the deputy in the chest several times and continued to

---

[1] We note that the sentencing entry does not contain a reiteration of the court's consideration of the statutory provisions. (Dkt. #13). Appellant does not raise this absence in the entry as error. Moreover, although inclusion in the entry might be a better practice, unlike the mandatory inclusion of *consecutive* sentence statutory findings in a sentencing entry, *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus, the court here was not required to include its consideration of statutory provisions in the sentencing entry. *See, e.g., State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515.

fight and resist. Moreover, the record supports the trial court's analysis of its sentencing considerations. Accordingly, we are simply unable to conclude that the court's sentence is clearly and convincingly unsupported by the record.

{¶ 6} The appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Anthony Kendell
Paul M. Watkins
Adam J. Arnold
Hon. Jeannine N. Pratt