[Cite as *State v. Whitt*, 2016-Ohio-843.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2014-CA-125 |
| | : | |
| v. | : | Trial Court Case No. 14-CR-117 |
| | : | |
| DUANE WHITT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 4th day of March, 2016.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

DANIEL T. WHITE, Atty. Reg. No. 0091072, Cordell & Cordell, 10 West Broad Street, Suite 1550, Columbus, Ohio 43215
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Duane Whitt appeals from his conviction and sentence following a guilty plea to one count of domestic violence, a fourth-degree felony.

{¶ 2} In his sole assignment of error, Whitt contends "the record does not clearly and convincingly support" the 18 month-prison sentence he received.

{¶ 3} The charge against Whitt stemmed from him throwing a telephone at his 71-year-old mother and striking her in the shoulder. The offense was a fourth-degree felony because Whitt had a prior domestic-violence conviction. In exchange for his guilty plea, the State agreed to remain silent at sentencing. The matter came before the trial court for disposition on July 15, 2014, but Whitt failed to appear. He subsequently was arrested on a capias, and he came before the trial court for sentencing on October 24, 2014. As relevant here, the trial court imposed the statutory maximum 18-month prison sentence mentioned above.[1]

{¶ 4} Whitt's assignment of error on appeal states: "The trial court erred in imposing the maximum prison term, as the record does not clearly and convincingly support Mr. Whitt's sentence." In support of his argument, Whitt engages in his own analysis of the statutory "seriousness" and "recidivism" factors that guide a trial court's sentencing decision. (Appellant's brief at 8-9).

{¶ 5} With regard to seriousness, Whitt notes that his offense resulted from an

---

[1] At sentencing, the trial court also revoked Whitt's judicial release supervision in case # 12-CR-0638 and ordered his 18-month sentence in the current case to be served consecutive to his remaining prison sentence in that case. (Sentencing Tr. at 4-5, 9-10). Whitt has not challenged that aspect of the trial court's sentencing decision on appeal. As set forth more fully *infra*, his only argument is that the trial court erred in imposing a statutory maximum 18-month prison sentence in this case.

argument with his mother. He notes too that she did not suffer any serious physical harm. With regard to recidivism, he acknowledges that he was under supervision at the time of the offense. He asserts, however, that the trial court failed to adequately consider the role that his use of alcohol played in this offense and in each of his other offenses over the years. He also stresses that he has no juvenile record and that his adult criminal record did not begin until 2011. Whitt additionally contends that his abuse of alcohol has been addressed only once before, when he completed "the West Central program." Whitt also disputes the trial court's rejection of his claimed remorse. Finally, he notes that he obtained only a "moderate" score on a risk-assessment survey conducted prior to sentencing. For the foregoing reasons, Whitt maintains that "[t]he seriousness and recidivism factors considered in light of the record [do] not clearly and convincingly support the imposition of a maximum sentence." (Appellant's brief at 9).

{¶ 6} Upon review, we find Whitt's assignment of error to be unpersuasive. At the outset, we note that he has misstated the standard of review under R.C. 2953.08(G)(2), which he applies on appeal. The question before us is not whether the record "clearly and convincingly supports" Whitt's maximum sentence. Rather, to the extent that R.C. 2953.08(G)(2) may apply,[2] the question is whether the record clearly and convincingly *does not* support the trial court's sentencing findings. As this court has explained, the clear-and-convincing standard in R.C. 2953.08(G)(2) does not say the record must contain clear and convincing evidence to support a trial court's findings. Rather, to vacate

---

[2] This court has stated that it "applies R.C. 2953.08(G)(2) as the appellate standard of review for all felony sentences." *State v. Lambert*, 2d Dist. Clark No. 2015-CA-5, 2015-Ohio-5168, ¶ 24, citing *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.).

or otherwise alter a sentence under the statute, an appellate court must clearly and convincingly find that the record *does not* support the trial court's sentencing findings. *State v. Salyer*, 2d Dist. Champaign No. 2013-CA-60, 2015-Ohio-2431, ¶ 21, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20-21 (8th Dist.); *see also State v. Bridgeman*, 2d Dist. Miami No. 2015-CA-10, 2015-Ohio-5164, ¶ 5 (applying R.C. 2953.08(G)(2)'s clear-and-convincing standard to the appellant's 16-month prison sentence and being "unable to conclude that the court's sentence is clearly and convincingly unsupported by the record").

{¶ 7} Here we do not find that the record clearly and convincingly fails to support Whitt's 18-month prison sentence. At the sentencing hearing, the trial court explicitly indicated its consideration of the statutory seriousness and recidivism factors and addressed them as follows:

> In reviewing the factors under [R.C.] 2929.12, this is a felony of the fourth degree. It is an offense of violence. As to factors indicating the seriousness of the offense, the Court finds, the Defendant's relationship with the victim facilitated this offense. The victim was the Defendant's mother, who was, at the time of the offense, 71 years-old.
>
> Based on the report from the Police Department, and set forth facts represented by the victim, this argument was over a couple cans of tomato soup, and that the victim indicated to the officers, the Defendant couldn't believe that she gave them to his brother, across town.
>
> There is no serious physical harm, but there was physical harm caused by the victim being struck by a wireless phone, or a cordless phone

that was thrown at her by the Defendant.

The Defendant, in his presentence statement indicates, the argument was over his mother claiming he was making long distance calls on her phone, and he threw the phone, breaking the phone. He denies saying that.

I don't find any genuine remorse in the Defendant's statement. The officers, actually, observed the bruising or the redness on the victim's shoulder.

As to recidivism factors, the Defendant was on community control at the time of the offense. He was placed in that program in case 12-CR-0638, as a result of a motion for judicial release being granted.

The Defendant has a history of criminal convictions, including prior convictions for offenses of violence. In fact, the offense to which he was on community control was for assaulting a police officer.

He has not responded favorably to sanctions previously imposed for the criminal convictions. The most glaring example of that is, in fact, his violation in the community control in the 12-CR-0638 case. He does not have a prior delinquency record. He has no military record to consider. He did score moderate on the Ohio Risk Assessment Survey.

(Sentencing Tr. at 8-9).

{¶ 8} In evaluating the trial court's sentencing decision, we first note that the Revised Code did not obligate it to make any particular "findings" before imposing a statutory maximum prison sentence. *State v. Graham*, 2d Dist. Montgomery Nos. 26205,

26206, 2015-Ohio-896, ¶ 17-18. The trial court merely was required to consider the principles and purposes of sentencing as well as the seriousness and recidivism factors. Here the trial court indicated that it had done so. (Doc. # 19 at 1). In any event, as quoted above, the trial court did provide an explanation for the sanction it imposed. That explanation, and the record itself, both support Whitt's 18-month prison sentence. The trial court correctly noted that he had prior convictions for, among other things, domestic violence and assault on a police officer. He previously had served prison time and was under supervision when he committed the present offense. With regard to Whitt's abuse of alcohol, he and his attorney acknowledged that he previously had completed an alcohol-abuse program, which apparently failed to work as intended. (Sentencing Tr. at 7-8). Although Whitt expressed remorse at sentencing, the trial court had discretion to find no "genuine remorse." (*Id*. at 9). In short, the present case is not one where the prison sentence imposed is clearly and convincingly unsupported by the record.

{¶ 9} Whitt's assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

FROELICH, J., concurring in judgment only:

{¶ 10} Consistent with my concurring opinion in *Rodeffer*, I disagree that this case is controlled by R.C. 2953.08(G).

{¶ 11} R.C. 2929.11 provides:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of

felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 12} In turn, R.C. 2929.12(A) says that the court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11." (Emphasis added). It then describes factors that the trial court "shall consider" [i.e. the seriousness factors of R.C. 2929.12(B) and (C) and the recidivism factors of R.C. 2929.12(D) and (E)], in addition to other "relevant" factors, in the exercise of that discretion. Therefore, we should determine whether that discretion granted to the trial court was abused and whether the required and "relevant" factors were considered.

{¶ 13} *Lambert*, *supra*, involved the appeal of an agreed consecutive sentence; this issue will, with hope, be clarified by the Ohio Supreme Court in *State v. Marcum*, 141

Ohio St.3d 1453, 2015-Ohio-239, 23 N.E.2d 1195 (argued October 27, 2015).

{¶ 14} As applicable to this case, those factors include:

(1)The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3) . . .

(4) . . .

(5) . . .

(6) The offender's relationship with the victim facilitated the offense.

(7) . . .

(8) . . .

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

R.C. 2929.12(B).

{¶ 15} None of these "more serious" factors was present. The victim did not suffer serious harm and the offense was not committed in the vicinity of children.

**{¶ 16}** In imposing sentence, the trial court stated, referring to R.C. 2929.12(B)(6), that the "defendant's relationship with the victim facilitated the offense," because "the victim was the defendant's mother;" however, R.C. 2929.12(B) allows consideration of that factor only "as indicating that the offender's conduct is more serious than conduct normally constituting the offense." Domestic violence, by definition, involves people in a relationship with an offender (i.e. a family or household member), and that alone cannot be a "more serious" factor. And the facts here certainly do not elevate themselves to the truly serious domestic violence cases seen by courts.

**{¶ 17}** Nonetheless, "other relevant factors" such as that the Appellant was on judicial release, that the judge found no genuine remorse, that the Appellant has a previous violent offense, and that previous treatment of his alcohol abuse was unsuccessful, lead me to conclude that the sentence was not an abuse of discretion and to concur in judgment.

. . . . . . . . . .

Copies mailed to:

Ryan A. Saunders
Daniel T. White
Hon. Richard J. O'Neill