[Cite as *State v. Fresenko*, 2016-Ohio-4958.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103473**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER T. FRESENKO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595357-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** July 14, 2016

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
Michael H. Murphy Attorney at Law
20325 Center Ridge Road
Suite 512
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Kerry A. Sowul
        Paul M. Soucie
Assistant Prosecuting Attorneys
The Justice Center, 8th and 9th Floors
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Christopher Fresenko ("Fresenko"), appeals his sentence following a guilty plea. He raises the following assignment of error for our review:

1. The sentence handed down by the trial court was not commensurate with the crime committed.

{¶2} After careful review of the record and relevant case law, we affirm Fresenko's sentence.

## I. Procedural and Factual History

{¶3} In April 2015, the Cleveland police discovered Fresenko "passed out" in the front seat of a stolen vehicle. Fresenko appeared to be "highly intoxicated."

{¶4} In May 2015, Fresenko was charged with receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. In June 2015, Fresenko pleaded guilty to an amended count of attempted receiving stolen property, a felony of the fifth degree.

{¶5} At sentencing, the trial court imposed a 12-month prison term and advised Fresenko of his postrelease control obligations.

{¶6} Fresenko now appeals from his sentence.

## II. Law and Analysis

**{¶7}** In his sole assignment of error, Fresenko argues his sentence was not commensurate with the offense he committed.

**{¶8}** When reviewing felony sentences, this court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

**{¶9}** In *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, the Ohio Supreme Court held that when a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id*. at ¶ 23.

**{¶10}** When sentencing a defendant, the court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony

sentencing (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. The sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶11} The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *Hodges* at ¶ 9. R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶12} R.C. 2929.11 and 2929.12 are not factfinding statutes. Accordingly, although the trial court must consider the principles and purposes of sentencing as well as the mitigating factors as outlined above, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. Consideration of the appropriate factors can be presumed unless the defendant affirmatively shows otherwise. *Id*., citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12. Moreover, a trial court's statement in its sentencing journal entry that it considered the

required statutory factors is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶13} In challenging the length of his sentence, Fresenko relies on former R.C. 2929.14(C). Under former R.C. 2929.14(C), prior to imposing maximum sentences for felony convictions, trial courts were required to make certain findings, including, inter alia, that the offender committed the worst form of the offense. *See State v. Combs*, 2d Dist. Clark No. 2013-CA-6, 2013-Ohio-4816, ¶ 7. However, that part of the statute was severed, on constitutional grounds, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and was not reenacted by the passage of H.B. 86. *Id*. at ¶ 8-11. Thus, our review is limited to whether the trial court's sentence was contrary to law.

{¶14} In this case, the trial court sentenced Fresenko within the applicable statutory range. R.C. 2929.14(A)(5) provides, "[f]or a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." The trial court imposed the maximum 12-month sentence for Fresenko's fifth-degree felony conviction. There is no statutory requirement for findings in order to impose the maximum sentences, and a trial court has the discretion to impose a prison sentence within the statutory range. "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 1,

2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. Because the trial court sentenced Fresenko within the statutory range, the imposition of a maximum sentence was not contrary to law. *See Sutton* at ¶ 74.

{¶15} Moreover, the record reflects that the trial court carefully considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. In addition to the trial court's notation in the sentencing entry that it "considered all required factors of law," including R.C. 2929.11, the record in this case reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12. At the sentencing hearing, the trial court made the following relevant statements on the record:

> Well, the first thing I have to do, Mr. Fresenko, is decide whether or not I am going to put you in prison or put you on probation for a felony of the fifth degree.
>
> * * *
>
> In order to make that decision I have to look at the seriousness of this offense and whether there are aspects that make it more serious than what I would otherwise expect or less serious because of these circumstances. And I also have to look at your record as to whether or not you are likely to re-offend in the future.
>
> The probation department has determined that you are a moderate risk for re-offending in the future.
>
> I find that an amazing conclusion based on this record. I think you are a high risk, because I think the likelihood of you re-offending is high given the past and given the circumstances that occurred just before this situation and your past history that I have already mentioned.
>
> So I think you are a high risk in that regard.

So factoring in all these issues in my mind, I don't think probation is appropriate under these circumstances. I am going to put you in prison. I think your conduct warrants it.

I have no faith that you are ready to do the things that you say that you are going to do. You haven't demonstrated it since you have been picking up these cases for the last recent period. And there is no indication that you are able to do what you say that you want to do.

Plus I think you are a risk to the community. You got out, you posted bond on DUI and you totaled your car, then pick up another car, steal it, highly intoxicated. That's a set of facts that's dangerous to you and dangerous to the community.

**{¶16}** Based on the foregoing, we find the trial court thoroughly and completely considered, analyzed, and discussed on the record all relevant statutory factors prior to sentencing Fresenko. In doing so, the trial court expressly considered the seriousness of Fresenko's conduct and the danger he posed to the public. Moreover, the court considered all relevant recidivism factors, including Fresenko's history of alcohol abuse and his criminal history, which included two felony convictions and 42 misdemeanor cases, most of them alcohol related. Under these circumstances, we find Fresenko has not shown by "clear and convincing evidence that the record does not support the sentence." *See Marcum,* Slip Opinion No. 2016-Ohio-1002*,* ¶ 23. Accordingly, Fresenko's sentence was not contrary to law.

**{¶17}** Fresenko's sole assignment of error is overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR