[Cite as *State v. Madison*, 2016-Ohio-7127.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | | No. 15AP-994 |
| Plaintiff-Appellee, | : | (C.P.C. No. 11CR-779) |
| | | No. 15AP-995 |
| v. | : | (C.P.C. No. 14CR-2118) |
| | | |
| Jeffrey S. Madison, Jr., | : | (REGULAR CALENDAR) |
| | | |
| Defendant-Appellant. | : | |

---

## D E C I S I O N

### Rendered on September 30, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Todd W. Barstow*, for appellant. **Argued:** *Todd W. Barstow.*

---

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Jeffrey S. Madison, Jr., appeals from judgments of the Franklin County Court of Common Pleas sentencing him following his entry of a guilty plea to one count of aggravated vehicular assault in common pleas case No. 14CR-2118, and sentencing him in common pleas case No. 11CR-779 for the offense of vehicular assault upon revocation of his community control.

{¶ 2} On February 9, 2011, appellant was indicted in case No. 11CR-779 on one count of aggravated vehicular assault, in violation of R.C. 2903.08, one count of vehicular assault, in violation of R.C. 2903.08, and two counts of operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19. The indictment alleged that the

conduct occurred on December 9, 2010.  Appellant subsequently entered a guilty plea to one count of vehicular assault, a felony of the fourth degree, and one count of operating a vehicle while under the influence of alcohol, a misdemeanor of the first degree.  The court ordered the entry of a nolle prosequi as to the remaining two counts.

{¶ 3}   The trial court sentenced appellant in case No. 11CR-779 by judgment entry filed February 20, 2013, imposing a period of community control of five years, and ordering appellant to pay restitution in the amount of $60,000.  The court also suspended appellant's driver's license for a period of one year (with work privileges), effective February 19, 2013, and ordered drug evaluation and treatment.  The entry further indicated that, in the event appellant violated the terms of his community control, the court would impose a prison term of 18 months for Count 2 (vehicular assault) and 6 months for Count 3 (operating a vehicle while under the influence of alcohol).

{¶ 4}   On April 22, 2014, while on community control in case No. 11CR-779, appellant was indicted in case No. 14CR-2118 on one count of aggravated vehicular assault, in violation of R.C. 2903.08, one count of vehicular assault, in violation of R.C. 2903.08, and two counts of operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19.  The indictment alleged that the conduct occurred on March 14, 2014, and that the alleged violations caused injury to another.  On July 25, 2014, a probation officer filed a request for revocation of community control and statement of violations in case No. 11CR-779.

{¶ 5}   On July 28, 2015, the trial court conducted a plea hearing in case No. 14CR-2118, at which time appellant entered a guilty plea to one count of aggravated vehicular assault, a felony of the second degree.  During that hearing, the prosecutor recited the following facts regarding the incident:

> [T]his incident occurred on March 14, 2014, at about * * * 3 o'clock in the morning. * * * Mr. Madison was driving a 2000 Lexus the wrong way on I-670. He was traveling eastbound in the westbound lanes when he collided with another vehicle head-on, that vehicle being driven by Mr. Wintersteller.
>
> [O]fficers came in contact upon the wreck with Mr. Madison. They noticed a strong odor of an alcoholic beverage about his person. He was indicating to the officers it wasn't his fault, that somebody was chasing him and that's why he got on the

> freeway the wrong way. The officers weren't able to verify any of that.
>
> Mr. Madison was providing incorrect answers to Officer McGaw's questions and making repetitive statements. He got very aggressive and combative. Medics were called and transported him to the hospital. The medics report that he was spitting on them and threatening them with physical violence.
>
> At the hospital he indicated that he had some alcohol but only had two shots and he wouldn't knowingly hurt anyone.
>
> Mr. Wintersteller was also transported to the hospital. He had head injuries, other bumps and bruises but also fractured ribs, broken bones * * *.
>
> When Officer Wolfangel responded to Grant Hospital, he was advised by medical personnel that due to Mr. Madison's combative behavior, the hospital had to make him unconscious in order to treat him.
>
> Since he was unconscious and unable to respond, * * * the officer requested and obtained a blood sample from Mr. Madison. The blood sample resulted in a .223 blood alcohol level.

(July 28, 2015 Tr. at 16-17.)

{¶ 6}   On September 29, 2015, the trial court filed a revocation entry in case No. 11CR-779, and imposed a sentence of 18 months with respect to the charge of vehicular assault.  Also on that date, the trial court filed a judgment entry in case No. 14CR-2118, imposing a sentence of 8 years incarceration, to be served consecutive to the sentence in case No. 11CR-779.  The court further ordered that appellant's driver's license be revoked for life.

{¶ 7}   On appeal, appellant sets forth the following two assignments of error for this court's review:

> I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM PRISON TERM.
>
> II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO

CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES.

{¶ 8} Under his first assignment of error, appellant contends the trial court abused its discretion in sentencing him to maximum prison sentences in both cases. Appellant argues the trial court's analysis of the statutory factors was virtually non-existent, and he requests that this court conduct an "independent review" of the sentencing transcript to determine if the court's imposition of maximum sentences constituted an abuse of discretion.

{¶ 9} R.C. 2953.08(G)(2) states as follows:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 10} As noted, appellant contends the trial court abused its discretion by imposing maximum sentences. In so arguing, appellant relies on the plurality decision rendered by the Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912.

{¶ 11} Subsequent to the time for filing briefs in this case, the Supreme Court rendered its decision in *State v. Marcum,* ___ Ohio St.3d ___, 2016-Ohio-1002, ¶ 10, holding that "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges" as set forth in *Kalish.* Rather, "appellate courts must adhere

to the plain language of R.C. 2953.08(G)(2)." *Marcum* at ¶ 7. Thus, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1.

{¶ 12} Under Ohio law, "[a] sentence is not clearly and convincingly contrary to law where [the] trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Julious*, 12th Dist. No. CA2015-12-224, 2016-Ohio-4822, ¶ 8, quoting *State v. Ahlers*, 12th Dist. No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 13} As noted under the facts, in case No. 11CR-779, the trial court originally placed appellant on five years of community control after he entered a guilty plea to one count of vehicular assault and one count of operating a vehicle while under the influence of alcohol. According to the pre-sentence investigation report, the underlying facts in that case indicated that appellant, while operating a vehicle on December 9, 2010, struck a pedestrian on North High Street. The police officer at the scene noted that appellant had glassy eyes and a strong odor of alcohol.

{¶ 14} In 2014, while on community control in case No. 11CR-779, appellant was indicted in case No. 14CR-2118 for aggravated vehicular assault, vehicular assault, and operating a vehicle while under the influence of alcohol. The facts of that case indicated that appellant drove the wrong way on an interstate highway and struck another vehicle head-on, causing injury to the driver of the other vehicle, including broken ribs. Appellant's blood was tested and the blood alcohol level was determined to be .223.

{¶ 15} Following the filing of the indictment in case No. 14CR-2118, appellant's probation officer requested the court revoke his community control in case No. 11CR-779, alleging that appellant: (1) had been charged in case No. 14CR-2118 with aggravated vehicular assault and operating a vehicle while under the influence of alcohol, (2) "tested positive for cocaine on 1/23/14," (3) missed a drug test on March 17, 2014, (4) failed to complete a cognitive behavior program, (5) "failed to complete AOD treatment with House of Hope," and (6) failed to pay restitution and court costs.

{¶ 16} As noted, appellant contends the trial court erred by imposing maximum sentences. Under Ohio law, "[a] sentencing court is not required 'to make any particular "findings" before imposing a statutory maximum prison sentence.' " *State v. Brooks,* 11th Dist. No. 2105-T-0111, 2016-Ohio-4743, ¶ 16, quoting *State v. Whitt*, 2d Dist. No. 2014-CA-125, 2016-Ohio-843, ¶ 8. Rather, the trial court "has 'full discretion to impose a prison sentence within the statutory range.' " *Id.*, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Accordingly, "[t]he court is 'merely * * * required to consider the principles and purposes of sentencing as well as the seriousness and recidivism factors.' " *Id.* at ¶ 16, quoting *Whitt* at ¶ 8.

{¶ 17} In imposing sentences in the instant case, the trial court noted that appellant was on probation at the time of the second offense, that he had tested positive for cocaine while on probation, and that he had a blood alcohol level of .223 at the time of the second offense when he drove the wrong way on a highway and struck another vehicle head-on, injuring the driver of the other vehicle. The court further observed that "[t]his is probably one of the worst scenarios" it had handled on the bench. (Sept. 28, 2015 Tr. at 23.)

{¶ 18} Here, the judgment entries in both cases state that the trial court considered the purposes and principles of sentencing under R.C. 2929.11, as well as the factors set forth in R.C. 2929.12, and that it had weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and 2929.14. Under Ohio law, "a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill a trial court's obligation under R.C. 2929.11 and 2929.12." *State v. Fresenko,* 8th Dist. No. 103473, 2016-Ohio-4958, ¶ 12. *See also State v. Boettner,* 9th Dist. No. 23537, 2007-Ohio-3883, ¶ 10 (sentencing entry indicating that trial court considered the factors of R.C. 2929.11 and 2929.12 "is sufficient to support the imposition of * * * maximum sentence on Defendant"). Further, appellant's sentences in both cases are within the applicable statutory range. Based on this court's review, we cannot clearly and convincingly conclude that the trial court's imposition of maximum sentences was unsupported by the record or contrary to law.

{¶ 19} To the extent appellant requests this court to conduct an independent review of the record to determine if the trial court's imposition of a maximum sentence

constitutes an abuse of discretion, the *Marcum* decision forecloses any such review. Further, it has been noted that "[t]he *Marcum* decision does not expand R.C. 2953.08(G)(2) to allow appellate courts to independently weigh the sentencing factors in appellate review." *State v. Ongert,* 8th Dist. No. 103208, 2016-Ohi0-1543, ¶ 14. *See also State v. D.S.,* 10th Dist. No. 15AP-790, 2016-Ohio-2856, ¶ 15 ("Although appellant appears to disagree with the trial court's analysis and application of the purposes and principles of sentencing set forth by R.C. 2929.11 and the statutory factors set forth by R.C. 2929.12, such disagreement does not make a sentence that falls within the applicable statutory range contrary to law.").

{¶ 20} Based on the foregoing, appellant's first assignment of error is overruled.

{¶ 21} Under his second assignment of error, appellant contends the trial court erred by imposing consecutive terms of incarceration. Appellant argues that the court failed to make complete findings as required by R.C. 2929.14(C)(4) and the standard set forth by the Supreme Court in *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177. According to appellant, the court elevated the need to protect the public above any other factor. Appellant further argues that the trial court's sentencing entry fails to comply with the holding in *Bonnell.*

{¶ 22} R.C. 2929.14(C)(4) states as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so

great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} Accordingly, in order to impose consecutive sentences, R.C. 2929.14(C)(4) requires a trial court to find that: "(1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) at least one of the factors enumerated in R.C. 2929.14(C)(4)(a)-(c) applies."  *State v. Smith,* 8th Dist. No. 101105, 2014-Ohio-5547, ¶ 7.

{¶ 24} In *Bonnell,* the Supreme Court recently held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at syllabus.  The court in *Bonnell* at ¶ 29-30, elaborated as follows:

> When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court speaks through its journal, * * * the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.
>
> A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. * * * But a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence. *See State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, * * * ¶ 16 ("a nunc pro

tunc order cannot cure the failure of a judge to impose restitution in the first instance at sentencing").

{¶ 25} The state maintains the trial court made the required statutory findings at the sentencing hearing to impose consecutive sentences. We agree. A review of the sentencing hearing transcript indicates the trial court stated on the record: "I must protect the public above all else. That's why I'm doing the consecutive sentences." (Sept. 28, 2015 Tr. at 23.) The trial court further noted on the record: "I've got to consider the disproportionality argument." (Sept. 28, 2015 Tr. at 22.) In addressing this issue, the court noted that "[t]he nature of the offenses are identical," and that appellant "continued to commit violations while on probation," including testing positive for cocaine. (Sept. 28, 2015 Tr. at 22.) The court held that "it's not disproportionate because we've had several discussions throughout our process together about your future, and you just threw them all away for a cocktail." (Sept. 28, 2015 Tr. at 23.) Finally, the court noted that appellant "was on probation at the time of the offense." (Sept. 28, 2015 Tr. at 22.)

{¶ 26} As quoted above, *Bonnell* does not require a "word-for-word recitation of the language of the statute," and consecutive sentences should be upheld "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings." *Id.* at ¶ 29. Here, the record indicates the trial court, in imposing consecutive sentences, made appropriate statutory findings at the sentencing hearing, and we conclude the record supports those findings.

{¶ 27} While we find no merit with appellant's claim that the trial court erred in imposing consecutive sentences, the state concedes the trial court failed to incorporate its consecutive sentence findings into the sentencing entries. We agree, and note that, under *Bonnell,* a trial court's failure to do so constitutes a clerical error requiring a remand to the trial court to issue a nunc pro tunc entry incorporating its findings under R.C. 2929.14(C)(4). *See id.* at ¶ 30 ("A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court."). *See also State v. Hargrove*, 10th Dist. No. 15AP-102,

2015-Ohio-3125, ¶ 25 ("Consistent with our precedent in [*State v. Hillman,* 10th Dist. No. 14AP-252, 2014-Ohio-5760, ¶ 71], we remand this case to the trial court for a nunc pro tunc judgment entry incorporating findings stated on the record.").

{¶ 28} Accordingly, appellant's second assignment of is error is sustained in part and overruled in part. While we affirm the trial court's imposition of consecutive sentences, we will remand these matters to the trial court to issue nunc pro tunc entries that incorporate the statutory findings the trial court made at sentencing.

{¶ 29} Based on the foregoing, appellant's first assignment of error is overruled, the second assignment of error is sustained in part and overruled in part, and the judgments of the Franklin County Court of Common Pleas are hereby affirmed. Further, having found that the trial court's entries contain a clerical error, we remand these matters to the trial court for the limited purpose of issuing nunc pro tunc entries that incorporate the statutory findings for consecutive sentences.

*Judgments affirmed and causes remanded with instructions.*

TYACK and KLATT, JJ., concur.

———————————